# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN LOVE LUNDY : | |
| : | CIVIL ACTION NO. 3:18-761 |
| **Plaintiff** : | |
| : | (MANNION, D.J.) |
| v. : | (CARLSON, M.J.) |
| : | |
| KENNETH LENNING, *et al.* : | |
| : | |
| **Defendant** : | |

## MEMORANDUM

Presently before the court is the April 10, 2018 Report and Recommendation ("Report") of U.S. Magistrate Judge Martin C. Carlson. (Doc. 4). In his Report, Judge Carlson recommends that the plaintiff be conditionally granted leave to proceed *in forma pauperis* and that his complaint, (Doc. 1), be dismissed. The plaintiff has not filed any objections to Judge Carlson's Report, and the timeframe within which he was permitted to do so has expired. For the following reasons, the Report will be **ADOPTED IN ITS ENTIRETY**, and the plaintiff's complaint will be **DISMISSED**.

Steven Love Lundy, an inmate confined at the Monroe County Correctional Facility, filed the above-captioned civil rights complaint under 42 U.S.C. §1983. (Doc. 1). Lundy names as defendants (1) two police officers from the Pocono Mountain Regional Police Department, Kenneth Lenning and Matthew Nero; (2) several officials from the Monroe County District Attorney's

Office, including E. David Christine, Michael Mancuso, Catherine Theresa Pirolli, Mark Matthews, and Curtis J. Rogers; (3) his court-appointed attorney, Kathleen E. Walters; and (4) Magisterial District Judge Phillip R. Riley. (*Id.*). Lundy's complaint contends in a broad, cursory manner that these state officials violated the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution by arresting and filing criminal charges against him. (*Id.*). Lundy further informs the court that he "would like to file criminal charges against" the defendants for abusing their positions of authority. (*Id.*). After filing his complaint, Lundy neglected to either pay the filing fee or submit the forms required to proceed *in forma pauperis* under 28 U.S.C. §1915. (Doc. 3). On April 10, 2018, Lundy was notified that his case would be dismissed if he failed to perform either option within thirty days. (*Id.*).

Where no objection is made to a Report and Recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes. *See also Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that judges should give some review to every Report and Recommendation). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify in whole

or in part the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(3).

Lundy has filed no objections to the determinations reached in Judge Carlson's Report. The court has reviewed the reasons presented by Judge Carlson for recommending that Lundy's factually and legally insufficient complaint be dismissed. (Doc. 4). Specifically, Judge Carlson correctly notes that (1) Lundy's claims fail as a matter of law under the doctrine of *Younger* abstention due to basic considerations of comity inherent in our federal system; (2) Lundy may not sue his court-appointed attorney for ineffective assistance of counsel under 42 U.S.C. §1983; (3) the judge and state prosecutors named in Lundy's complaint are entitled to immunity; and (4) the court may not order a criminal prosecution as relief in this civil action. (*Id.*). As the court agrees with the sound reasoning that led Judge Carlson to the conclusions in his Report and finds no clear error on the face of the record, the court will adopt the Report in its entirety. An appropriate order shall follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: May 15, 2018**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2018 MEMORANDA\18-761-01.docx